**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4512**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THURSTON JAY HARDIMAN, a/k/a Thirst,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge.  (4:18-cr-01080-RBH-4)

Submitted:  October 14, 2021                    Decided:  October 18, 2021

Before DIAZ and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James A. Brown, Jr., LAW OFFICES OF JIM BROWN, PA, Beaufort, South Carolina, for Appellant.  Everett E. McMillian, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thurston Jay Hardiman appeals his 87-month sentence imposed after a guilty plea to conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846. Counsel for Hardiman has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether trial counsel rendered ineffective assistance in failing to object to an enhancement for possession of a dangerous weapon under the Sentencing Guidelines. Although notified of his right to do so, Hardiman has not filed a pro se supplemental brief.

Claims of ineffective assistance of counsel generally should be asserted on collateral review rather than on direct appeal, unless proof of the claimed ineffective assistance is apparent on the face of the record. *See United States v. King*, 119 F.3d 290, 295 (4th Cir.1997). Our review of the record does not support Hardiman's assertion that counsel rendered ineffective assistance, we therefore decline to address this claim on direct appeal.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Hardiman, in writing, of the right to petition the Supreme Court of the United States for further review. If Hardiman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hardiman.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*